| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

DANIEL BOWDEN, §
　　　　　　　　　　　　　　　　§
　　　　Petitioner, §
　　　　　　　　　　　　　　　　§
versus § CIVIL ACTION NO. 1:04-CV-179
　　　　　　　　　　　　　　　　§
DIRECTOR, TDCJ-CID, §
　　　　　　　　　　　　　　　　§
　　　　Respondent. §

## MEMORANDUM OPINION AND ORDER

Daniel Bowden, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The magistrate judge to whom this case was referred submitted a Report and Recommendation recommending this petition be denied. Having received no objections, the court adopted the Report and Recommendation and a Final Judgment denying the petition was entered.

Petitioner subsequently notified the court he had not received a copy of the Report and Recommendation and filed a motion (#23) asking the court to vacate the Final Judgment and permit him to file objections to the Report and Recommendation. Petitioner later filed documents (#27 and #28) which the court will construe as objections to the Report and Recommendation.

After due consideration, the Court is of the opinion that the motion for reconsideration should be granted and the Final Judgment previously entered vacated so that petitioner's objections may be considered.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court is of the opinion the objections are without

merit. Petitioner is not entitled to credit towards his sentence for the time he spent released on parole between January 7, 1985, and June 8, 1990. It is accordingly

**ORDERED** that petitioner's motion to vacate the Final Judgment is **GRANTED**. The Final Judgment previously entered is **VACATED**. It is further

**ORDERED** that petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. An appropriate Final Judgment shall be entered.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Stack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Stack*, 531 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions have been consistently resolved

adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue.

SIGNED at Beaumont, Texas, this 9th day of March, 2009.

```
                                   _____
                                          MARCIA A. CRONE
                                     UNITED STATES DISTRICT JUDGE
```